IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3037-FL

| | | |
|---|---|---|
| JAMES ANTHONY BARNETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. BOWEN, | ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the court on defendant's motion for summary judgment (DE 29). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendant's motion for summary judgment, and dismisses the action without prejudice.

**STATEMENT OF THE CASE**

On February 9, 2016, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendant Dr. Margaret Bowen ("defendant"). Plaintiff made the following allegations arising out of events he asserts occurred on October 20, 2014, at the Central Prison Healthcare Complex:

> [Defendant] forced me to drink a cup of cha[r]coal by writing a order for ch[ar]coal to be given by force, after been told by her nurse Jennifer Olivera, RN why I was refusing to drink the ch[ar]coal and what type of significant problem that it would present and cause (by force means strapping me down in four point restraints and insert a NG Tube up my nose and down my throat until it reaches my stomach). I passed out and became unconscious and unresponsive (drug induced coma), I was put on IV fluids and rushed to Rex hospital. While I was unconscious and unresponsive, I aspirated (threw up) badly and the ch[ar]coal got all within my lungs cutting off my airwaves, this giving me Aspiration Pneumonia.

(Compl. ¶ V). Plaintiff subsequently filed a motion to appoint counsel. On April 29, 2016, the court denied plaintiff's motion to appoint counsel and allowed him to proceed with his action against defendant.

On September 13, 2016, defendant filed a motion for summary judgment arguing that plaintiff's action should be dismissed because plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff also filed a Statement of Material Facts and an appendix which included an affidavit from Finesse G. Couch, who is employed by the North Carolina Department of Public Safety ("DPS") as the Executive Director of the North Carolina Grievance Resolution Board.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

1. Exhaustion of Administrative Remedies

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

DPS has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DPS's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request

relief from the Facility Head.  Id. at § .0310(b)(1).  If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner.  Id. § .0310(c)(1).  The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure.  Id. § .0310(c)(6).

In this case, the record reflects that plaintiff filed two grievances.  Plaintiff completed the administrative remedy process for his first grievance, number 4290-3-15-142, prior to the date he filed the instant action.  However, grievance number 4290-3-15-142 pertains to medical care plaintiff received from Dr. Clifford A. Curtis for chronic pain and does not relate in any way to the instant allegations that defendant violated the Eighth Amendment when she made the decision to pump plaintiff's stomach.  (See Couch Aff. Ex. A).  Because grievance number 4290-3-15-142 does not relate to the facts of this case, it does not satisfy § 1997e(a)'s exhaustion requirement.

The court now turns to plaintiff's second grievance– number 3100-2015.[1]  This grievance relates to the subject matter of the instant action, but plaintiff did not complete the exhaustion process for this grievance until March 23, 2016, which was after plaintiff filed this action on February 9, 2016.  (Id. Ex. B).  Filing suit before exhausting administrative remedies dooms the action.  See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n. 1 (4th Cir. 2006) (per curiam) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint).  Based upon the foregoing, plaintiff's action is DISMISSED without prejudice for failure to exhaust administrative remedies.

---

[1] Plaintiff states that he previously filed a grievance regarding the instant issue on December 2, 2014, but that prison staff did not respond to his appeal of the denial of his initial grievance.  (Couch Aff. Ex. B).  Plaintiff re-filed his grievance on December 14, 2015, and was able to complete the exhaustion process, albeit not before he filed the instant action on February 9, 2016.  (See id.).

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion for summary judgment (DE 29) and DISMISSES the action without prejudice. Plaintiff may re-file his action after completing the exhaustion process. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 11th day of April, 2017.

LOUISE W. FLANAGAN
United States District Judge